PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE BILLINGS, *Administrator of the Estate of Montel A. Williams, dec.*, | ) ) | CASE NO. 4:25-cv-714 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| CORECIVIC, INC., *et al.*, | ) ) ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) ) ) | **AND ORDER** [Resolving ECF Nos. 8, 9, and 11] |

Pending before the Court is Plaintiff Bonnie Billings, Administrator of the Estate of Decedent Montel A. Williams' Motion for Leave to Amend the Complaint *Instanter* (ECF No. 9) and Plaintiff's motion to file a corrected brief in opposition to Defendant's motion to dismiss.[1] ECF No. 11. Defendants oppose both motions. ECF No. 14. After considering the applicable filings and case law, the Court grants Plaintiff's motion to amend the complaint ECF No. 9. Defendant's Motion to Dismiss (ECF No. 8) and Plaintiff's motion to a file a corrected opposition (ECF No. 11) are denied as moot.

**I.     BACKGROUND**

Plaintiff filed the complaint in the Mahoning County Court of Common Pleas on March 7, 2025 (*Estate of Montel A. Williams c/o Bonnie Billings, Administrator v. CoreCivic, Inc., et al.*, 2025-CV-559 (Mahoning Cty. C.P. Mar. 7, 2025) (ECF No. 1-1), claiming violations of decedent's civil rights under 42 U.S.C. § 1983 and wrongful death arising from Defendants'

---

[1] Plaintiff's withdrawal of ECF No. 10 is granted.

(4:25CV714)

alleged breach of duty of care. ECF No. 1 at PageID #: 1, ¶ 1. Defendants timely removed the case to federal court pursuant to 28 U.S.C. § 1446(a) and (d). ECF No. 1 at PageID #: 2, ¶ 3. On May 16, 2025, Defendants filed a motion to dismiss under FED. R. CIV. P. 12(b)(6). ECF No. 8. Plaintiff filed a motion to amend the complaint on June 15, 2025. ECF No. 9. On the same day, Plaintiff filed her opposition to Defendants' motion to dismiss and a motion to file a correct opposition brief, both of which referenced the proposed amended complaint. Pl. Opp. Br., ECF No. 10; Pl. Mot. to Correct Opp. Br., ECF No. 11; Pl. Corrected Opp. Br., ECF No. 12. Defendants opposed Plaintiff's motions to amend (ECF No. 9) and to refile a corrected opposition to the motion to dismiss (ECF No. 11), claiming both were made in bad faith and are improper attempts to circumvent the motion to dismiss. ECF No. 14.

## II. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" Brown v. Chapman, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002)). "Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Sixth Circuit holds that it is inappropriate to dismiss even improperly pled claims with prejudice without affording the party an opportunity to correct pleading deficiencies. United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 644 (6th Cir. 2003).

(4:25CV714)

## III. DISCUSSION

Plaintiff's proposed amended complaint contains several changes to the original complaint, including allegations of specific acts or omissions that purportedly led to decedent's overdose and death while in Defendants' custody. *See* ECF No. 9-1. In general, filing an amended complaint moots a pending motion to dismiss because filing the amended complaint supersedes the original. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) (collecting cases); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2025). District courts have discretion to apply a pending motion to dismiss to portions of an amended complaint that are "substantially identical to the original complaint." *Crawford*, 15 F.4th at 759 (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at *1 (S.D. Ohio Oct. 9, 2014)).

In the case at bar, Defendants argue that Plaintiff's proposed amended complaint was made in bad faith because she improperly circumvented proper procedure and relied on the allegations contained therein to respond to Defendants' motion to dismiss. ECF No. 14 at PageID ##: 120-21. Defendants also claim that the motion to amend was dilatory, resulting in undue delay and prejudice. ECF No. 14 at PageID #: 120. Defendants' arguments are not well taken.

A plaintiff may amend their complaint: (a) within 21 days of a motion to dismiss under; (b) with opposing party's consent; or (c) with leave of court. FED. R. CIV. P. 15(a)(1)(B) and (2). Although both Plaintiff's original and corrected opposition briefs (ECF Nos. 10 and 12, respectively) reference the proposed amended complaint, Defendants have not demonstrated any prejudice resulting from such references, particularly because the amended complaint supersedes the original, rendering the motion to dismiss—and Plaintiff's opposition brief—moot. *Crawford*, 15 F.4th at 759. If prejudiced, Defendants may remedy any prejudice by filing a motion to

(4:25CV714)

dismiss the amended complaint which incorporates by reference those arguments articulated in the first motion to dismiss. *See id*. (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at *1 (S.D. Ohio Oct. 9, 2014)).

Defendants also argue that the Court should deny Plaintiff's motion for leave to amend the complaint because her proposed amendment is futile. ECF No. 14 at PageID #: 121. As stated above, the Court is required to grant leave freely when justice so requires. FED. R. CIV. P. 15. Despite Defendants' futility argument (ECF No. 14), the Court finds that, on its face, Plaintiff's proposed amended pleading is sufficient (ECF No. 9-1). Therefore, the Court instructs the Clerk's office to docket ECF No. 9-1 as Plaintiff's First Amended Complaint.

As addressed above, Plaintiff's First Amended Complaint supersedes the original, rendering the Defendants' motion to dismiss—and Plaintiff's opposition thereto—moot. Therefore, the Court need not, and does not, resolve Defendants' argument that the Court should deny Plaintiff's motion to file a corrected opposition to Defendants' motion to dismiss. ECF No. 14 at PageID #: 121.

### IV. Conclusion

For the reasons stated herein, Plaintiff's Motion for Leave to File Amended Complaint *Instanter* (ECF No. 9) is granted. Defendants' Motion to Dismiss (ECF No. 8) and Plaintiff's motion to a file a corrected opposition (ECF No. 11) are denied as moot. The Court does, however, grant ECF No. 11 but only to the extent it withdraws ECF No. 10.

IT IS SO ORDERED.

| | |
|---|---|
| September 30, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

4